# EXHIBIT D

| | | |
|---|---|---|
| **James E Glore/JonesDay** | To | dnkuhn@pacbell.net |
| Extension 3-4129   Direct: 650.687.4129 | cc | Gregory L Lippetz/JonesDay@JonesDay, Cora Schmid/JonesDay@JonesDay |
| 09/30/2009 02:54 PM | bcc | |
| | Subject | Bender v. Maxim |

Dear David,

I am writing you on behalf of Maxim Integrated Products, Inc.  We have reviewed the infringement contentions that you provided in the Bender v. Maxim case, and we believe they fail to comply with the requirements of Patent L.R. 3-1 for at least the following reasons:

1.   The Contentions fail to specifically identify where each claim element is present within each product as required by Patent L.R. 3-1.

2.   The Contentions fail to provide claim charts for all categories of accused products, including the RF IQ Demodulators, RF IQ Modulators, LNAs, RF Down Converters, RF Power Amplifiers, RF Up Converters, RF VCO Buffers, and RF Power Detectors.

3.   It is unclear as to whether Bender has accused Maxim of infringing both Claim 8 and Claim 35, only one or the other is charted for any given representative set of accused products.  We need clarification, and possibly additional charts, as to which claims are asserted against which products.

4.   The contentions fail to identify all accused products specifically by name and/or product number.  While you do provide a list of accused products, you also indicate that "all larger-scale (such as VLSI) Maxim products which use these building blocks are infringing products as well."  However, you do not indicate whether all of these products are listed in your annexed list.  Each and every accused product must be identified in Infringement Contentions by name and/or product number.

Please let me know a time today or tomorrow when you are available to discuss these issues further in an attempt to come to an agreeable resolution without involving the court.  Because our deadline to serve invalidity contentions is November 13, 2009, in order to have our motion heard before that date, we must file on or before October 2, 2009.  As a result, we must complete our meet and confer on this subject by tomorrow, October 1, 2009.

        Regards,

        Jim Glore


James E. Glore
Jones Day
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Direct:     650.687.4129
Assistant:  650.739.3945
Facsimile: 650.739.3900
www.jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

| | | |
|---|---|---|
| **James E Glore/JonesDay** | To | dnkuhn@pacbell.net |
| Extension 3-4129   Direct: 650.687.4129 | cc | Cora Schmid/JonesDay@JonesDay, Gregory L Lippetz/JonesDay@JonesDay |
| 10/01/2009 05:52 PM | bcc | James E Glore/JonesDay@JonesDay |
| | Subject | Re: Bender v. Maxim |

Dear David,

I am writing to confirm our meet and confer held early today regarding Bender's infringement contentions to Maxim as originally outlined in my previous email to you attached below. Please let me know if you have a different understanding of our conversation.

With respect to item 1 below, we indicated that it is our position that the infringement contentions must contain a level of specificity and detail equivalent to what could be determined through reverse engineering. You indicated that you disagreed and that you believe that the level of detail provided in your claim charts is sufficient under Patent L.R. 3-1. You further indicated that you would confer with your colleague to determine what additional detail you would be willing to provide.

We also discussed item 2 below, and you indicated that since each product in the other listed categories necessarily must have a Buffered Transconductance Amplifier, you believe your disclosure with respect to these products is sufficient. We however still disagree.

With respect to item 3 below, you indicated that the selection of claim 8 vs claim 35 for any given product was deliberate based on whether the part allegedly has an infringing current feedback architecture (claim 8) or a voltage feedback architecture. (claim 35)  We indicated that an identification of what claims are asserted against each listed product is necessary.

With respect to item 4 below, you indicated that the current list of parts attached to your contentions represents the complete set of accused products that you are currently aware of.

You indicated that you needed to confer with your colleague, Mr. Steven Kuhn, regarding what amendments you would be willing to make and would respond back to me tomorrow (Friday Oct. 2) by 10 AM pacific. Please note that due to the sensitive timing of upcoming disclosure deadlines under Patent L.R. 3-3 and 3-4, if we do not hear back from you before noon pacific, we will necessarily take your silence as a refusal to amend.

As we briefly discussed, one alternative that may lessen the time pressure on the parties to resolve this issue, would be to jointly stipulate to an extension of time on the deadlines imposed by Patent L.R. 3-3 and 3-4 until our concerns regarding your infringement contentions are resolved. If this is acceptable, please let me know and I will draft up a stipulation to that effect.

Best Regards,
Jim Glore


James E. Glore
Jones Day
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Direct:     650.687.4129
Assistant:  650.739.3945
Facsimile: 650.739.3900
www.jonesday.com
James E Glore/JonesDay

| | | | |
|---|---|---|---|
| **James E Glore/JonesDay** | | To | dnkuhn@pacbell.net |
| Extension 3-4129    Direct: 650.687.4129 | | cc | Gregory L Lippetz/JonesDay@JonesDay, Cora Schmid/JonesDay@JonesDay |
| 09/30/2009 02:54 PM | | Subject | Bender v. Maxim |

Dear David,

I am writing you on behalf of Maxim Integrated Products, Inc.  We have reviewed the infringement contentions that you provided in the Bender v. Maxim case, and we believe they fail to comply with the requirements of Patent L.R. 3-1 for at least the following reasons:

1.   The Contentions fail to specifically identify where each claim element is present within each product as required by Patent L.R. 3-1.

2.   The Contentions fail to provide claim charts for all categories of accused products, including the RF IQ Demodulators, RF IQ Modulators, LNAs, RF Down Converters, RF Power Amplifiers, RF Up Converters, RF VCO Buffers, and RF Power Detectors.

3.   It is unclear as to whether Bender has accused Maxim of infringing both Claim 8 and Claim 35, only one or the other is charted for any given representative set of accused products.  We need clarification, and possibly additional charts, as to which claims are asserted against which products.

4.   The contentions fail to identify all accused products specifically by name and/or product number.  While you do provide a list of accused products, you also indicate that "all larger-scale (such as VLSI) Maxim products which use these building blocks are infringing products as well."  However, you do not indicate whether all of these products are listed in your annexed list.  Each and every accused product must be identified in Infringement Contentions by name and/or product number.

Please let me know a time today or tomorrow when you are available to discuss these issues further in an attempt to come to an agreeable resolution without involving the court.  Because our deadline to serve invalidity contentions is November 13, 2009, in order to have our motion heard before that date, we must file on or before October 2, 2009.  As a result, we must complete our meet and confer on this subject by tomorrow, October 1, 2009.

       Regards,

       Jim Glore


James E. Glore
Jones Day
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Direct:      650.687.4129
Assistant:   650.739.3945
Facsimile: 650.739.3900
www.jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or

protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========



**dnkuhn@pacbell.net**

10/02/2009 09:09 AM

To: James E Glore <jeglore@JonesDay.com>
cc: Steven Kuhn <steven.h.kuhn@gmail.com>
bcc:
Subject: Re: Bender v. Maxim

History:  This message has been forwarded.

Dear Jim:

I am responding to your email of yesterday. At the end of our discussions, you admitted that you take the position that we have an obligation to provide the level of detail that would result from "reverse engineering" or its equivalent but, when we asked you what would be the equivalent, you had no answer. We reiterate that we do not believe that there is any existing case law authority or other basis in law or fact holding that reverse engineering is required; if it were, given its enormous cost, only the wealthiest of plaintiffs could afford federal court patent infringement justice. Frankly, it is difficult for us to conclude that your position is taken in good faith. Given your position, it would seem to us that no amount of amendment would satisfy your position; it is not that we refuse to amend but that you have indicated already that you will not be satisfied with any amendment we currently could make. You agreed and confirmed that we are to provide infringement contentions, and not infringement analyses (the plural of analysis), but your position is contrary to this.

Regards, David

--- On **Thu, 10/1/09, James E Glore <*jeglore@JonesDay.com*>** wrote:

From: James E Glore <jeglore@JonesDay.com>
Subject: Re: Bender v. Maxim
To: dnkuhn@pacbell.net
Cc: "Cora Schmid" <cschmid@JonesDay.com>, "Gregory L Lippetz" <glippetz@JonesDay.com>
Date: Thursday, October 1, 2009, 5:52 PM

Dear David,

I am writing to confirm our meet and confer held early today regarding Bender's infringement contentions to Maxim as originally outlined in my previous email to you attached below. Please let me know if you have a different understanding of our conversation.

With respect to item 1 below, we indicated that it is our position that the infringement contentions must contain a level of specificity and detail equivalent to what could be determined through reverse engineering. You indicated that you disagreed and that you believe that the level of detail provided in your claim charts is sufficient under Patent L.R. 3-1. You further indicated that you would confer with your colleague to determine what additional detail you would be willing to provide.

We also discussed item 2 below, and you indicated that since each product in the other listed categories necessarily must have a Buffered Transconductance Amplifier, you believe your disclosure with respect to these products is sufficient. We however still disagree.

With respect to item 3 below, you indicated that the selection of claim 8 vs claim 35 for any given product was deliberate based on whether the part allegedly has an infringing current feedback architecture (claim 8) or a voltage feedback architecture. (claim 35)  We indicated that an identification of what claims are asserted against each listed product is necessary.

With respect to item 4 below, you indicated that the current list of parts attached to your contentions represents the complete set of accused products that you are currently aware of.

You indicated that you needed to confer with your colleague, Mr. Steven Kuhn, regarding what amendments you would be willing to make and would respond back to me tomorrow (Friday Oct. 2) by 10 AM pacific. Please note that due to the sensitive timing of upcoming disclosure deadlines under Patent L.R. 3-3 and 3-4, if we do not hear back from you before noon pacific, we will necessarily take your silence as a refusal to amend.

As we briefly discussed, one alternative that may lessen the time pressure on the parties to resolve this issue, would be to jointly stipulate to an extension of time on the deadlines imposed by Patent L.R. 3-3 and 3-4 until our concerns regarding your infringement contentions are resolved.  If this is acceptable, please let me know and I will draft up a stipulation to that effect.

Best Regards,
Jim Glore


James E. Glore
Jones Day
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Direct:     650.687.4129
Assistant:  650.739.3945
Facsimile: 650.739.3900

www.jonesday.com


**James E Glore/JonesDay**

Extension 3-4129     Direct: 650.687.4129

09/30/2009 02:54 PM

To dnkuhn@pacbell.net
cc Gregory L Lippetz/JonesDay@JonesDay,
   Cora Schmid/JonesDay@JonesDay
Subject Bender v. MaximLink

Dear David,

I am writing you on behalf of Maxim Integrated Products, Inc. We have reviewed the infringement contentions that you provided in the Bender v. Maxim case, and we believe they fail to comply with the requirements of Patent L.R. 3-1 for at least the following reasons:

1.     The Contentions fail to specifically identify where each claim element is present within each product as required by Patent L.R. 3-1.

2.     The Contentions fail to provide claim charts for all categories of accused products, including the RF IQ Demodulators, RF IQ Modulators, LNAs, RF Down Converters, RF Power Amplifiers, RF Up Converters, RF VCO Buffers, and RF Power Detectors.

3.     It is unclear as to whether Bender has accused Maxim of infringing both Claim 8 and Claim 35, only one or the other is charted for any given representative set of accused products. We need clarification, and possibly additional charts, as to which claims are asserted against which products.

4.     The contentions fail to identify all accused products specifically by name and/or product number. While you do provide a list of accused products, you also indicate that "all larger-scale (such as VLSI) Maxim products which use these building blocks are infringing products as well." However, you do not indicate whether all of these products are listed in your annexed list. Each and every accused product must be identified in Infringement Contentions by name and/or product number.

Please let me know a time today or tomorrow when you are available to discuss these issues further in an attempt to come to an agreeable resolution without involving the court. Because our deadline to serve invalidity contentions is November 13, 2009, in order to have our motion heard before that date, we must file on or before October 2, 2009. As a result, we must complete our meet and confer on this subject by tomorrow, October 1, 2009.

       Regards,

       Jim Glore


James E. Glore
Jones Day
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Direct:       650.687.4129
Assistant:   650.739.3945
Facsimile: 650.739.3900
www.jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system

without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========