Greg L. Lippetz (State Bar No. 154228)
glippetz@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     650-739-3939
Facsimile:      650-739-3900

Attorneys for Defendant
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Gregory Bender,<br><br>    Plaintiff,<br><br>v.<br><br>Maxim Integrated Products, Inc.,<br><br>    Defendant. | Case No.  C09-01152 SI<br><br>**MOTION TO TEMPORARILY RELIEVE MAXIM'S DISCOVERY OBLIGATIONS PENDING RESOLUTION OF MAXIM'S MOTION TO COMPEL**<br><br>**ADMINISTRATIVE MOTION** |

Pursuant to Civil L.R. 6-3, Defendant Maxim Integrated Products, Inc., ("Maxim") through its counsel, hereby requests the Court to temporarily relieve Maxim from its obligations to produce technical documents under the Federal Rules of Civil Procedure and its obligations to serve Patent Local Rules 3-3 and 3-4 disclosures on Plaintiff Gregory Bender ("Bender"), until no earlier than 14 days after the Court rules on Maxim's Motion to Compel Infringement Contentions filed concurrently with this motion.

Bender served Patent L.R. 3-1 infringement contentions on September 29, 2009.  Maxim contends that these infringement contentions do not contain the requisite detail and information regarding infringement as required by Patent L.R. 3-1.  Concurrently with this motion, Maxim has brought a motion to compel more detailed infringement contentions from Bender based on the

<017B><017B><017B>
<017B><017B>
<017B>

1  results of reverse engineering. As part of that motion, Maxim moves the Court for an order
2  relieving it of its discovery obligations until 45 days after Bender complies with the Order by
3  amending his infringement contentions to include the results of reverse engineering as required by
4  Patent L.R. 3-1. The instant motion fills the gap between filing of the motion and when the Court
5  rules on the motion to compel by requesting that Maxim's discovery obligations temporily be
6  relieved until the Court rules on Maxim's motion to compel.

7       As discussed in the motion to compel, and incorporated herein by reference, Maxim has
8  several rapidly approaching deadlines for producing technical documents to Bender. These
9  obligations include explicit document requests from Bender seeking confidential schematics for
10 all of Maxim's devices, as well as Maxim's obligations stemming from Patent L.R. 3-3 and 3-4
11 which require disclosure of invalidity contentions and technical documents related to the alleged
12 infringement to be produced 45 days after service of the infringement contentions. The Patent
13 Local Rules set a deadline of November 13, 2009 for service of Maxim's Patent L.R. 3-3 and 3-4
14 disclosures. However, given the briefing schedule dictated by the Local Rules, 35 days from
15 filing puts Maxim's motion to compel being heard no sooner than November 20, 2009. Without
16 the requested relief, under the Federal Rules and Patent Local Rules, Maxim will be obligated to
17 produce technical documentation before the Court has a chance to consider its motion to compel
18 and attendant request for relief, thereby prejudicing Maxim as discussed in Maxim's motion to
19 compel. Relieving Maxim of its discovery obligations pending the Court's order on Maxim's
20 motion to compel serves the same goals as compelling the amendment, namely avoiding
21 prejudice to Maxim with respect to its ability to prepare its invalidity defense while ensuring that
22 discovery takes a proper and ordinary course. *See Intertrust Techs. Corp. v. Microsoft Corp.*, No.
23 C 01-1640 SBA, 2003 U.S. Dist. LEXIS 22736, at *4 (N.D. Cal., Nov. 26, 2003); *Townshend*
24 *Intellectual Prop. L.L.C. v. Broadcom Corp.*, No. C 06-05118 JF (RS), 2007 U.S. Dist. LEXIS
25 51792, at *8 (N.D. Cal. July 5, 2007); *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp.
26 2d 558, 560 (E.D. Tex. 2005).

27       Therefore, in the interests of efficiency and of avoiding potentially unnecessary expenses
28 and time of this Court and of the parties, and to allow for a meaningful determination on the

merits of Maxim's motion to compel, Maxim respectfully requests that the Court relieve Maxim of its obligations to produce technical information under the Federal Rules and its obligations to serve its Patent L.R. 3-3 and 3-4 disclosures until no earlier than 14 days after the Court rules on Maxim's motion to compel.

Dated:  October 16, 2009

Respectfully submitted,

Jones Day

By:     /s/ Gregory Lippetz
     Greg L. Lippetz
     State Bar No. 154228
     JONES DAY
     1755 Embarcadero Road
     Palo Alto, CA  94303
     Telephone:	650-739-3939
     Facsimile:	650-739-3900

Counsel for Defendant International Business Machines Corporation