February 5, 2010


CM/ECF
Judge Susan Illston
U.S. District Court
450 Golden Gate Avenue
San Francisco, CA, 94102

    Re:    *Bender v. Maxim Integrated Products, Inc.*, Case No. C 09-01152 SI
           Discovery Matter

Judge Illston:

      Defendant Maxim Integrated Products, Inc. ("Maxim"), hereby moves the Court for an order either striking plaintiff Gregory Bender's ("Bender") infringement contentions or, at a minimum, compelling Bender to amend his contentions to comply with the Patent Local Rules.

      **FACTUAL BACKGROUND.** This lawsuit is one of 24 similar lawsuits filed by Bender against 37 different defendants just months before his patent expired, alleging infringement of U.S. Patent No. 5,103,188 (the "'188 Patent"), entitled "Buffered Transconductance Amplifier". The United States Patent and Trademark Office ("USPTO") recently re-examined the '188 patent canceling over half of Bender's original amplifier claims, including the claims that had the broadest scope. Of the remaining claims, Bender now asserts that Maxim products infringe claims 8 and 35. Claims 8 and 35 of the '188 Patent pertain to amplifier circuits used to boost an electric signal's strength. This type of circuit generally includes a number of individual components such as current mirrors, buffers and resistors. In a situation like this, the Patent Local Rules and the case law require that Bender conduct an investigation into the functionality of the accused products and determine whether and where each element of each asserted claim exists in each accused product. To date, Bender has not conducted that investigation.

      On September 29, 2009, Bender served his Patent L.R. 3-1 infringement contentions on Maxim, which are attached as Exhibit A. Bender's contentions provided the exact same claim chart for each accused product, each of which recited the exact same phrase as to each element: "This element is located on the integrated circuit contained in the [accused product]." *See generally*, Ex. A Chart. According to Bender's counsel, Bender based his infringement contentions solely on publicly available Maxim datasheets, and no investigation was conducted.

      Based on the insufficient contentions, Maxim filed a motion to compel amended contentions. (D.I. 24, incorporated herein by reference). The courts in the parallel *Bender v. IBM* and *Bender v. Intersil* matters, resolved similar motions by ordering Bender to amend his contentions and comply with Patent L.R. 3-1. Accordingly, Bender and Maxim entered a stipulation allowing Bender to likewise amend his contentions against Maxim. (D.I. 44 and 45).

      On December 18, 2009, Bender served Maxim with his amended infringement contentions, which are attached as Exhibit B. Bender's amended contentions include nine claim

charts accusing seven separate "families" of Maxim products. While Bender purports to accuse seven separate families, all of Bender's charts refer to the same diagram showing the same Maxim product "family;" the MAX4180-87. While Bender's amended contentions contain some additional language regarding a few of the elements of the asserted claims, they fail to specifically identify numerous claim elements such as the first current rail, the pair of opposing current mirrors, a load resistor, dual voltage supply rails, and feedback means. Additionally, all of Bender's claim charts relating to claim 35 include a completely fabricated image showing a circuit that *does not exist and has never existed* in any Maxim product or publication. Bender's amended contentions and associated claim charts are flatly inadequate.

As to the scope of accused products, Bender purports to provide claim charts for nineteen (19) Maxim products. Bender also purports to accuse dozens more by listing the parts in an "Attachment A" to his amended contentions, and accusing: "All versions of all of Defendant's products implementing high speed analog amplifiers . . . or otherwise performing tasks for which high speed analog amplifiers are used." Ex. B at Pleadings 3; *see* Ex. B Product List. No further explanation of how or why these dozens of listed parts infringe has been provided by Bender. Finally, Bender purports to allege indirect infringement, but has provided only the following boilerplate statement:

> Plaintiff also and/or in the alternative presently contends that Defendant indirectly infringes at least the referenced claims by actively, intentionally, knowledgeably, knowingly, and willfully contributing to, encouraging, causing, and/or inducing third parties actually to infringe directly by providing its customers and others with specific and detailed explanations, instructions, and information as to arrangements, applications, and uses of its products that promote and demonstrate how to use its products in an infringing manner.

Ex. B at Pleadings 3-4. A bare statement alleging indirect infringement, without more, does not come close to meeting either the letter or spirit of Patent L.R. 3.1, or Bender's Rule 11 obligations to do an adequate pre-filing analysis before bringing the suit. The parties have met and conferred in person according to Civil Local Rule 37-1(a) and the Court's standing orders, but were unable to reach a resolution.

**ARGUMENT.** Bender's infringement contentions fail to comply with the Patent Local Rules in at least three respects. First, Bender fails to comply with Patent L.R. 3-1(c) because he does not identify the location, in each accused product, of each element of each asserted claim. Second, Bender fails to provide claim charts for all but a handful of the allegedly accused products. Finally, Bender fails to satisfy the requirements for alleging indirect infringement. Because Bender has already had two chances to comply with the rules, and nearly a year since he filed this case, the Court is justified in striking his contentions in their entirety. If the Court is inclined to provide Bender a third chance, he should be compelled, and limited, to providing explicit, circuit-level contentions for the 19 products specifically identified in his amended contentions and claim charts, and should be precluded from pursuing any enlargement of the scope of accused products or indirect infringement claims.

**Bender's Contentions Do Not Contain The Requisite Level of Specificity.** Bender's amended contentions and claim charts do not even come close to meeting the letter or spirit of Patent L.R. 3-1. In particular, Bender's amended contentions flatly fail to "identify[] specifically where each limitation of each asserted claim is found within each Accused [product]." Patent L.R. 3-1(c). Instead,

   a) for seven of Bender's nine claim charts, he asserts that the claim elements are present in a *different* Maxim product than the product the claim charts are directed towards,
   b) none of Bender's claim charts "identify specifically" the location of most of the required circuit-level elements including
      i. the first current rail,
      ii. the pair of opposing current mirrors,
      iii. a load resistor,
      iv. dual voltage supply rails, and
      v. feedback means,
 c) for some elements, such as the current rails and the voltage supply rails, Bender simply assumes they must exist, but does not point to any supporting structure or proof,
 d) for some elements, such as the current mirrors and the load resistor, Bender points to a dotted line in the circuit diagram – but no dotted line can portray the required current mirrors or load resistor,
 e) as to the required resistor, Bender refers to a resistor "Rf" that is a user-supplied external resistor, not even present in the Maxim product, and
 f) with regard to claim 35, Bender has created his own imaginary circuit, not present in any Maxim product or publication, and purports to find infringement by pointing to some of (but not all of) the elements in this imaginary product.

Bender's amended contentions and associated claim charts cannot be used in any meaningful way because they fail to answer the questions presented in Patent L.R. 3.1.

   Bender's infringement contentions must explain how each limitation is met by the product, and Bender must compare the product, on an element by element basis, to the asserted claims. *Intertrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 U.S. Dist. LEXIS 22736, at *7 (N.D. Cal. Nov. 26, 2003) (citing *Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079-VRW, 2002 U.S. Dist. LEXIS 26098 (N.D. Cal. Aug. 13, 2002)).[1] The *Intertrust* court made it clear that,

> At the Patent Local *Rule 3-1* Disclosure stage, a plaintiff must put forth information so specific that either reverse engineering or its equivalent is required.

*Id*. at *7; *see also Network*, at *12-13 (finding contentions insufficient when based solely on marketing collateral and whitepapers). When considering similar cases and in determining that Patent L.R. 3-1 requires reverse engineering or its equivalent, the courts have made clear that a patent plaintiff's obligations under Patent L.R. 3-1 are an extension of plaintiff's Rule 11 obligation to perform an adequate prefiling analysis. *Intertrust*, at *7; *Network*, at *12. Furthermore, in hardware cases such as this case, Rule 11 typically requires reverse engineering even before the Complaint is filed, well before a plaintiff's Patent L.R. 3-1 disclosures are due. *See Network*, at *14-15. The rules requiring a plaintiff to perform significant, early due diligence, exist to prevent a "windfall for plaintiffs … who file ill-advised and poorly researched actions hoping to extract nuisance settlements before the myriad defects in their allegations can be fully explored." *Micromesh Tech. Corp. v. Am. Recreation Prods., Inc.*, No. C-06-6030 MHP, 2007 U.S. Dist. LEXIS 64241, at *21 (N.D. Cal. Aug. 29, 2007). Here, Bender's attorney has admitted that, at most, Bender has referred to a Maxim datasheet, and has done none of the required work to make even a

---

[1] Patent L.R. 3-1(c) requires that the patent holder provide the accused infringer with more than just the language of the patent. *Network,* at *16, 18. The contentions must do more than simply state that the product infringes, they must specify where in the product each limitation is located. *Renesas Tech. Corp. v. Nanya Tech. Corp.*, Case No. C03-05709 JF (HRL), 2004 U.S. Dist. LEXIS 23601, at *17 (N.D. Cal. Nov. 10, 2004).

*prima facie* showing of patent infringement and meet either his Rule 11 or Patent L.R. 3-1 obligations.

Bender's non-compliant claim charts are a direct result of his failure to conduct an appropriate pre-filing investigation. The Patent Local Rules (and Rule 11) require a plaintiff, such as Bender, to expend substantial time and effort to determine 1) whether they have a good faith basis to accuse a product, and 2) to show where within each accused product each element of each asserted claim exists. During the parties' meet and confer sessions regarding the infringement contentions, Bender admitted that he has never purchased a single Maxim product and, as a result, has not examined any product, nor done any testing or analysis of any such product. Bender's failure to comply with his investigatory obligations has resulted in an inability to present compliant claim charts, despite having almost a year and two chances to do so. Bender's amended contentions and claim charts should be struck.

**Bender's Contentions Improperly Attempt To Expand The Scope of Accused Products.** Bender's infringement contentions also violate Patent L.R. 3-1 for failing to provide any claim charts for the majority of the "accused" products. The patent local rule requirement to identify each accused product is important to define the scope of the case, and to allow a defendant to prepare its defense. *See Intertrust*, at *6 (noting that the defendant "cannot . . . be expected to guess which versions of its products [plaintiff] believes to have [functionalities] that infringe its [] patents."). In certain circumstances, it may be possible for a patent plaintiff to provide representative claim charts based on a subset of accused products. *See Renesas Tech. Corp. v. Nanya Tech. Corp.*, Case No. C03-05709 JF (HRL), 2004 U.S. Dist. LEXIS 23601, at *6 (N.D. Cal. Nov. 10, 2004). However, to take advantage of the representative claim chart methodology, a patent plaintiff must place each and every accused product into one of the groups for which he has provided a claim chart, and explain why such a grouping is reasonable. *See Id.* at *9-10 (holding that there must be a reasonable inference to determining representative groups for an infringement analysis.) Bender has improperly attempted to expand this case beyond the 19 parts identified in his claim charts, providing a bare list with dozens of part numbers and purporting to accuse all other "products implementing high speed analog amplifiers." Ex. B at Pleadings 3. Because he has provided neither claim charts nor an explanation tying each product to one of his claim charts, Bender should be precluded from pursuing infringement claims as to any products other than the 19 specifically identified Maxim products.

**Bender's Contentions Regarding Indirect Infringement Should Be Struck.** Bender fails to comply with the requirements of the Local Rules regarding allegations of indirect infringement. Patent L.R. 3-1(d) requires plaintiff to provide "[f]or each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." Such a disclosure is critical to proving a claim of indirect infringement. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274-76 (Fed. Cir. 2004). Bender's sole statement regarding indirect infringement is a boilerplate statement regarding indirect infringement. Ex. B at Pleadings 3-4. Bender has not identified a single third party act of direct infringement. Bender has not identified a single specific statement or act of Maxim's that induced any third party to directly infringe. Having had numerous chances to provide detailed indirect infringement allegations, Bender's indirect infringement allegations should be struck.

**Bender's Contentions Should be Struck or, Alternatively, Bender Should Be Compelled to Provide Compliant Contentions.** Bender's failure to comply with Patent L.R. 3-1 is causing, and will continue to cause, severe prejudice to Maxim. Infringement contentions "provide structure

to discovery and enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Townshend Intellectual Prop., L.L.C. v. Broadcom Corp.*, No. C 06-05118 JF (RS), 2007 U.S. Dist. LEXIS 51792, at *5 (N.D. Cal. July 5, 2007). "To the extent defendants are given vague infringement contentions, they are hampered in their ability to prepare their defense." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). The current state of Bender's contentions provides no structure to discovery and will lead to massive inefficiencies. Maxim must now conduct a prior art search on vague terms without the benefit of plaintiff's intended theories for any of the accused parts. Maxim must scour all of its product ranges for a nearly twenty year time span, from simple to overly complex, to try to find "amplifier circuits" that might infringe the '188 patent. Bender's failure to spend the appropriate time and effort to comply with his obligations unfairly and dramatically increases the burden on Maxim, its engineers and its attorneys.

There is no reason to believe that Bender will ever provide compliant contentions. Bender has had two chances and almost a year to provide compliant contentions. Bender has been unable to demonstrate that, were he given a third chance, he would be able to provide compliant contentions. On February 1, 2010, in another of Bender's cases, Judge Chen granted AMD's motion to compel amended infringement contentions that comply with the Patent Local Rules. *See* Ex. C. In his order, Judge Chen recognized that Bender would only have a limited number of chances to amend, stating "Mr. Bender is forewarned, however, that he may not be given further opportunities to amend -- *i.e.*, at a certain point, if the contentions continue to be insufficient, they may be stricken." Ex. C at 3. In the AMD case, Bender is being given a single chance to amend. Here, Bender has already been given a chance to amend, and there is nothing to suggest that another amendment will cure the deficiencies in his contentions.

Alternatively, if the Court is inclined to allow Bender another chance to amend his contentions, Maxim requests that the Court impose several constraints. First, Maxim requests that the Court limit the scope of accused products in this case to the 19 products that Bender specifically referenced in his charts. Second, Maxim requests that the Court order that any amended claim charts include schematic-level details. Finally, Maxim requests that the Court prohibit Bender from asserting any claims for indirect infringement.

Respectfully submitted,

By:    /s/ Gregory Lippetz
Greg L. Lippetz
State Bar No. 154228
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: 650-739-3939
Facsimile: 650-739-3900

Counsel for Defendant Maxim Integrated Products, Inc