UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| GREGORY BENDER<br><br>                Plaintiff,<br>   v.<br>MAXIM INTEGRATED PRODUCTS, INC.<br><br>                Defendant.<br>_____/ | No. C 09-01152 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL INFRINGEMENT CONTENTIONS THAT COMPLY WITH PATENT LOCAL RULE 3-1 AND DENYING DEFENDANT'S MOTION TO STRIKE** |

Defendant has filed a motion to strike or compel infringement contentions that comply with Patent Local Rule 3-1. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES defendant's motion to strike and GRANTS defendant's motion to compel infringement contentions that comply with Patent Local Rule 3-1.

**BACKGROUND**

Plaintiff Bender alleges that defendant Maxim Integrated Products, Inc. infringes U.S. Patent Number 5,103,188 ('188 Patent). FAC ¶ 6. The '188 Patent is entitled "Buffered Transconductance Amplifier," and covers a subset of electrical circuits that amplify complex or high speed signals. *Id.* Plaintiff believes that defendant has used and continues to use his patented circuit component in a vast number of electronics products, including but not limited to "cell phones, computer equipment, network drivers, high definition television sets, ultrasound machines, MRI machines and lab equipment." FAC ¶ 8. This action is one of twenty-four similar lawsuits filed in 2009 against various defendants, all based on the premise that plaintiff, "years ahead of the industry, invented and patented . . . high-gain current

feedback amplifiers and voltage feedback amplifiers . . . [which] rendered the prior art of the differential pair . . . technologically obsolete." Opposition at 3. Plaintiff contends that his revolutionary patented amplifier has become ubiquitous in the electronics industry, and that the industry has therefore "made billions and billions of dollars from [plaintiff's] enabling inventions." *Id*.

At issue is defendant's motion to strike plaintiff's infringement contentions, or in the alternative compel infringement contentions that comply with Patent Local Rule 3-1. Defendant contends that plaintiff has failed to follow Patent Local Rule 3-1 because: (1) the infringement contentions do not identify the location, in each accused product, of each element of each asserted claim, (2) claim charts have only been produced for a handful of the accused products, and (3) plaintiff fails to satisfy the requirements for alleging indirect infringement. Defendant asks that the Court either strike the infringement contentions or compel plaintiff to provide infringement contentions that comply with Patent Local Rule 3-1.

**LEGAL STANDARD**

The Patent Local Rules for the United States District Court for the Northern District of California require that the "Disclosure of Asserted Claims and Infringement Contentions" contain "[s]eparately for each asserted claim, each accused . . . instrumentality ('Accused Instrumentality') . . . of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known." Patent L.R. 3-1(b). The infringement contentions also must contain "a chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(c).

**DISCUSSION**

"The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Intertrust Techs. Corp. v. Microsoft Corp.*, No. 01-1640,

2003 U.S. Dist. LEXIS 22736, at *6 (N.D. Cal. Nov. 26, 2003). Patent L.R. 3-1, more specifically, is a discovery device that "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Network Caching Technology LLC v. Novell, Inc.*, No. 01-2079, 2002 WL 32126128, *3-4 (N.D. Cal., Aug. 13, 2002). For infringement contentions to satisfy Patent L.R. 3-1, "plaintiff [must] compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products . . . reverse engineering or its equivalent are required." *Id*. *5.

Plaintiff's amended infringement contentions consist of two documents. The first is a list of every product made by defendant that allegedly infringes plaintiff's patent (more than 200 total), some of which are categorized in groups entitled "LNAs," "IF IQ Demod," "RF IQ Mod,", "RF Down Converter," "RF Power Amp," "RF UP Converter," "RF VCO Buffers," and "RF Power DET." Motion, Ex. B Products at 1-2. Other accused products are not categorized at all, and are simply listed by product number. *Id.* The second document in plaintiff's infringement contentions contains the claim charts, which are required under Patent L.R. 3-1(c). Motion, Ex. B Charts at 1- 40. Nine claim charts are included that allegedly represent all 200-plus accused products, and each chart attempts to match the elements of the patent to components within a Maxim product. The charts also purport to identify the specific location of the patented element using Maxim's commercially available datasheets.

The Court agrees with defendant that plaintiff's infringement contentions do not comply with Patent L.R. 3-1. Plaintiff's claim charts do not actually specify the location of each element within the accused product. Rather, the Court is asked to assume that certain elements of the patent are present in the accused product. For example, for the third element in the charts for claim 35, plaintiff asserts:

> This element is located on the integrated circuit contained in the product. They are not shown; however, in this case, the current rails are necessary for buffers to perform their function. The element is connected to the Vin and Vout connection pins. Therefore, they are required and inherent in the design.

While plaintiff's statements may not be untrue, they are based on assumptions. The Court will not order defendant to produce proprietary schematics for over 200 products based on an assumption. Plaintiff cannot remedy the current inadequacy of the infringement contentions merely by circling portions of

a commercially available datasheet. Plaintiff's amended infringement contentions are more detailed than those provided in *Bender v. Micrel*, 2010 U.S. Dist. LEXIS 18134 (N.D. Cal. Feb. 6, 2010), but still fall short of "identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(c). While the Court is sensitive to plaintiff's concerns about the expense of reverse engineering over 200 products, it is also sensitive to the desire of defendant not to be forced to produce proprietary schematics unnecessarily. Plaintiff asserts that "any electrical engineer will understand [the claim charts] and the underlying schematics," and submits an expert declaration which echoes that sentiment. Opposition at 2; Pedrotti Decl. However, plaintiff bears the burden of providing infringement contentions that specify the location of every claim element within the accused products, so that the Court can make a principled decision on whether discovery will proceed. Simply stating that any electrical engineer would understand the infringement contentions is not sufficient. "The purpose of Patent Local Rule 3-1 . . . is . . . to require a plaintiff to crystalize its theory of the case and patent claims." *InterTrust Techs. Corp. v. Microsoft Corp.*, 2003 U.S. Dist. LEXIS 22736 (N.D. Cal. Nov. 26, 2003). Until plaintiff meets the burden of providing infringement contentions compliant with Patent L.R. 3-1, the Court will not order defendant to proceed with discovery.

The Court also agrees with defendant's contention that plaintiff has not provided an adequate explanation of why the claim charts are representative of all of the accused products. Plaintiff does not address this issue in his opposition brief. The claim charts fail to place all of the accused products into a representative category. Although over 200 products are accused in the infringement contentions, fewer than 50 are listed on the representative claim charts. Since no information is given that would suggest the proper category for each of the remaining products, the infringement contentions fail to comply with Patent L.R. 3-1.

Plaintiff's infringement contentions for the indirect infringement claim are also inadequate. Patent L.R. 3-1(d) requires that "[f]or each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer

that contribute to or are inducing that direct infringement." The infringement contentions provided by plaintiff do not specify any third party, and do not describe any acts committed by a third party that would suggest direct infringement. The infringement contentions for the indirect infringement allegations therefore also fail to comply with Patent L.R. 3-1.

The Court will not strike plaintiff's infringement contentions at this time. Defendant notes that this Court used strong language in *Micrel* which suggested that future non-compliant infringement contentions could be struck. The infringement contentions in the present case were provided to defendant before the *Micrel* opinion was issued, however, and the Court therefore will not hold plaintiff responsible for adhering to that decision.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to strike plaintiff's infringement contentions, and GRANTS defendant's motion to compel infringement contentions that comply with Patent L.R. 3-1. (Docket No. 48).

**IT IS SO ORDERED.**

Dated: March 22, 2010

SUSAN ILLSTON
United States District Judge

5